# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| THE REPUBLICAN NATIONAL COMMITTEE AND THE REPUBLICAN PARTY OF PENNSYLVANIA, | : | No. 136 MM 2024 |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | |
| | : | |
| ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; ELK COUNTY BOARD OF ELECTIONS; ERIE COUNTY | : | |

BOARD OF ELECTIONS; FAYETTE : 
COUNTY BOARD OF ELECTIONS; : 
FOREST COUNTY BOARD OF : 
ELECTIONS; FRANKLIN COUNTY BOARD : 
OF ELECTIONS; FULTON COUNTY : 
BOARD OF ELECTIONS; GREENE : 
COUNTY BOARD OF ELECTIONS; : 
HUNTINGDON COUNTY BOARD OF : 
ELECTIONS; INDIANA COUNTY BOARD : 
OF ELECTIONS; JEFFERSON COUNTY : 
BOARD OF ELECTIONS; JUNIATA : 
COUNTY BOARD OF ELECTIONS; : 
LACKAWANNA COUNTY BOARD OF : 
ELECTIONS; LANCASTER COUNTY : 
BOARD OF ELECTIONS; LAWRENCE : 
COUNTY BOARD OF ELECTIONS; : 
LEBANON COUNTY BOARD OF : 
ELECTIONS; LEHIGH COUNTY BOARD OF : 
ELECTIONS; LUZERNE COUNTY BOARD : 
OF ELECTIONS; LYCOMING COUNTY : 
BOARD OF ELECTIONS; MCKEAN : 
COUNTY BOARD OF ELECTIONS; : 
MERCER COUNTY BOARD OF : 
ELECTIONS; MIFFLIN COUNTY BOARD : 
OF ELECTIONS; MONROE COUNTY : 
BOARD OF ELECTIONS; MONTGOMERY : 
COUNTY BOARD OF ELECTIONS; : 
MONTOUR COUNTY BOARD OF : 
ELECTIONS; NORTHAMPTON COUNTY : 
BOARD OF ELECTIONS; : 
NORTHUMBERLAND COUNTY BOARD OF : 
ELECTIONS; PERRY COUNTY BOARD OF : 
ELECTIONS; PHILADELPHIA COUNTY : 
BOARD OF ELECTIONS; PIKE COUNTY : 
BOARD OF ELECTIONS; POTTER : 
COUNTY BOARD OF ELECTIONS; : 
SCHUYLKILL COUNTY BOARD OF : 
ELECTIONS; SNYDER COUNTY BOARD : 
OF ELECTIONS; SOMERSET COUNTY : 
BOARD OF ELECTIONS; SULLIVAN : 
COUNTY BOARD OF ELECTIONS; : 
SUSQUEHANNA COUNTY BOARD OF : 
ELECTIONS; TIOGA COUNTY BOARD OF : 
ELECTIONS; UNION COUNTY BOARD OF : 
ELECTIONS; VENANGO COUNTY BOARD : 
OF ELECTIONS; WARREN COUNTY :

BOARD OF ELECTIONS; WASHINGTON
COUNTY BOARD OF ELECTIONS; WAYNE
COUNTY BOARD OF ELECTIONS;
WESTMORELAND COUNTY BOARD OF
ELECTIONS; WYOMING COUNTY BOARD
OF ELECTIONS; AND YORK COUNTY
BOARD OF ELECTIONS),

             Respondents

:
:
:
:
:
:
:
:
:
:

## CONCURRING STATEMENT

**JUSTICE BROBSON**                              **FILED:  November 18, 2024**

I join the *per curiam* Order in all respects.  I write separately to disabuse local elections officials of the notion that they have the authority to ignore Election Code provisions that they believe are unconstitutional.[1]  Only the courts under our charter may declare a statute, or provision thereof, unconstitutional.  *Thornburgh v. Lewis*, 470 A.2d 952, 955 (Pa. 1983) ("It is the province of the Judiciary to determine whether the Constitution or laws of the Commonwealth require or prohibit the performance of certain acts.")  Indeed, this Court has held that administrative agencies, like county boards of elections, lack the authority to declare unconstitutional the very statutes from which they derive their existence and which they are charged to enforce.  *Lehman v. Pa. State Police*, 839 A.2d 265, 275 (Pa. 2003) ("[A]gencies have authority to consider the validity of their regulations . . . , but they must refuse to consider the validity of their organic statutes.").

Justices Wecht and Mundy join this concurring statement.

---

[1] *See* Respondents Philadelphia, Montgomery, and Bucks County Boards of Elections Answer at 8 (claiming, without citation to legal authority, that "each county board (and each [commissioner thereof]) has an independent obligation to consider whether the Constitution requires counting . . . ballots with dating errors—an issue this Court has not resolved on the merits").